**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

STEVEN A. IVERSON,

Plaintiff,

vs.

**MEMORANDUM & ORDER**
Civil No. 01-1530 (MJD/SRN)

CITY OF ST. PAUL and
WILLIAM K. FINNEY,
in his official capacity,

Defendants.

---

This matter is before the Court on Plaintiff's and Defendants' cross-motions for summary judgment. Plaintiff, Steven A. Iverson ("Iverson") alleges a 42 U.S.C. §1983 claim against defendants, City of St. Paul and police chief, William K. Finney ("Defendants"). He argues that the City of St. Paul violated his "fundamental right to self-defense" by denying his application for a permit to carry a pistol, pursuant to Minnesota Statute § 624.714, subd. 5(c):

> **Subd. 5. Granting of permits**. No permit to carry shall be granted to a person unless the applicant:
> (a) Is not a person prohibited by section 624.713 from possessing a pistol;
> (b) Provides a firearms safety certificate recognized by the department of natural resources, evidence of successful completion of a test of ability to use a firearm supervised by the chief of police or sheriff, or other satisfactory proof of ability to use a pistol safely; and
> (c) Has an occupation or personal safety hazard requiring a permit to carry.

Further, Iverson argues that Minn. Stat. § 624.714, subd. 5(c) violates his "fundamental right to self-defense" and is unconstitutionally vague. He seeks injunctive relief and compensatory damages.

1-7-03
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 1-7-03
DEPUTY CLERK

For the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED. Defendants' Motion for Summary Judgment is GRANTED.

## FACTUAL BACKGROUND

Iverson applied for a handgun permit in February, 2001. In his application, he stated that his occupation required him to work late nights, travel between locations, and carry keys to multiple office buildings holding office equipment such as computers. The application was denied because the St. Paul Police Department determined that he did not have an occupational or personal safety hazard as required by the statute.

In November, 2001 at 3 AM, Iverson had a flat tire while traveling between work locations. He had to change the tire near Lexington and Larpenteur Avenues. He felt vulnerable to assault because he wasn't armed and experienced mental distress and anguish as a result.

Plaintiff moves for summary judgment, asserting that he is able to show injury to his liberty interest protected by the Ninth and Fourteenth Amendments to the U.S. Constitution, specifically, his right to self-defense. Defendants cross-motion for summary judgment.

## STANDARD

### Summary Judgment

Summary judgment is appropriate if the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ.

P. 56 (c); Celeotex Corp. v. Catrett, 477 U.S. 317, 322-23,106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219 (8th Cir. 1992). The burden of demonstrating the absence of any genuine issue of material fact rests on the moving party. Fed. R. Civ. P. 56(b); Celeotex Corp., 477 U.S. at 323. To defeat summary judgment when a properly supported motion for summary judgment is made, however, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

**DISCUSSION**

**Jurisdiction**

Defendants argue that Iverson's claim lacks federal jurisdiction. Defendants appear to have abandoned their jurisdiction claim during oral argument. Regardless, because Iverson alleges violations of his federal rights under §1983, this Court has jurisdiction pursuant to 28 U.S.C. §1343; 42 U.S.C. §1983.

**Section 1983 Claim**

Although Iverson alleges that Defendants have deprived him of a "liberty of self-defense," the Court finds that Defendants have in fact merely denied him the ability to carry a handgun. The Eighth Circuit does not recognize a liberty interest in carrying a concealed weapon, Gross v. Norton, 120 F.3d 877, 878 (citing Erdelyi v. O'Brien, 680 F.2d 61, 63 (9th Cir.1982), and has similarly held that there is "no 'liberty of self-defense' conferring the right to carry a gun to work." Id. Therefore, Iverson's §1983 claim fails as a matter of law.

**Constitutionality of Minnesota Statute §624.714, subd. 5(c)**

Plaintiff also argues that Minnesota Statute § 624.714, subd. 5(c) is unconstitutionally vague in violation of due process. Iverson asserts that a statute is unconstitutionally vague if it encourages arbitrary and discriminatory enforcement. He notes that Minn. Stat. § 624.714, subd. 5(c) states that in order to carry a handgun, a person must have "an occupation or personal safety hazard requiring a permit to carry." Id. Plaintiff argues that the word "requiring" is vague. He cites the Minnesota Supreme Court's interpretation of the statute's term, "requiring," as meaning to have "demonstrated a need or purpose for caring firearms…" In Application of Atkinson, 291 N.W.2d 396, 399 (Minn. 1980)(quoting State v. Paige, 256 N.W.2d 298 (Minn.1977)). Plaintiff suggests that this interpretation is equally vague and therefore the entire statute should be held unconstitutional. He argues that even if a law does not reach constitutionally protected conduct, it, ". . . may nevertheless be challenged on its face as unduly vague, in violation of due process." Village of Hoffman Estates v. Flipside, 455 U.S. 489, 497, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982) reh'g denied, 456 U.S. 950, 102 S.Ct. 2023, 72 L.Ed.2d 476 (1982).

The Court finds that while "requiring" does not provide a specific mandate to the issuing authority, it does set forth "minimal guidelines to govern law enforcement" in the issuing of the permit. Smith v. Goguen, 415 U.S. 566, 574, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). That is, the statute does not grant such broad discretion that the granting authority is able to enforce its own preference. See St. Croix Waterway Assoc. v. Meyer, 178 F.3d

515 (8th Cir. 1999) (citing Grayned v. City of Rockford, 408 U.S. 104, 112, 92 S.Ct. 2294, 33 L.Ed. 2d 222).

Further, when evaluating a facial challenge to a state law, a federal court must consider any limiting construction that a state court or enforcement agency has proffered. Grayned 408 U.S. at, 110, 92 S.Ct. at 2299. Here, the Minnesota Supreme Court has qualified the meaning of the statute's "requiring" language by indicating that a person seeking the permit must "have demonstrated a need or purpose for carrying firearms" through particular facts, in order to receive a permit. Paige, 256 N.W.2d at 303.

Further, the Supreme Court has held that not every facial challenge for vagueness should be viewed with the same degree of scrutiny. Rather, "[t]he degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment." Hoffman Estates, 455 U.S. at 498, 102 S.Ct. at 1193. In Hoffman Estates, the Court held that among other regulations, "[t]he Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." Id. at 499, 102 S.Ct. at 1193. Here, Minn. Stat. § 624.714, subd. 5(c) is a criminal code and a person who violates it will be subject to criminal sanctions. Minn. Stat. §624.714, subd. 1; State v. Folstrom, 331 N.W. 2d 231 (1983). However, subdivision 5(c), which Iverson argues is unconstitutional, only addresses the granting of a permit to carry a pistol. As discussed *infra*, there is no liberty interest in a right to carry a concealed weapon. Nor is there a constitutionally protected property interest in a permit to carry under Minnesota law. Gross, 120 F.3d at 878 (citing, Erdelyi 680 F.2d at 63; Conway v.

King, 718 F.Supp.1059, 1061 (D.N.H.1989); In re Young, 521 N.W.2d 865, 869 (Minn.Ct.App. 1994)). Thus, an individual who is denied a permit suffers neither civil nor criminal penalties. Further, the statute does not require a permit for one to keep a pistol at one's place of business or home, to carry the pistol between place of purchase or repair and home or business, to carry a pistol between home and place of business, or to carry a pistol in the woods, fields, or on water for hunting or target shooting. Minn. Stat. § 624.714, subd. 9(a), (b), (c), (d). In addition, sufficient safeguards against arbitrary enforcement are available through appeal "to the district court having jurisdiction over the county or municipality wherein the notification or denial occurred." Minn. Stat. § 624.714, subd. 12. Thus, the relative importance of fair notice regarding Minn. Stat. § 624.714, subd. 5(c)'s enforcement is due a less strict vagueness analysis.

The Court further notes that prohibiting any discretion to deny the application of a person not prohibited from possessing a concealed weapon would undermine the state legislature's intent "to prevent the possession of firearms in places where they are most likely to cause harm in the wrong hands, i.e., in public places where their discharge may injure or kill intended or unintended victims." Paige, 256 N.W.2d at 303.

Accordingly, the Court finds that Minn. Stat. § 624.714, subd. 5(c) provides permit applicants fair notice and ample protection against arbitrary enforcement and, therefore, withstands the plaintiff's constitutionality challenge.

**CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff's claims fail as a matter of law. Accordingly, the Defendants' Motion for Summary Judgment is GRANTED.

**IT IS HEREBY ORDERED:**

1.) Defendants' Motion for Summary Judgment (Docket #12) is GRANTED.

2.) Plaintiff 's Motion for Summary Judgment (Docket #13) is DENIED.

Date: Jan. 3, 2003

Michael J. Davis
United States District Court

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.