# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

FILED
AUG 25 2003

No. 03-1321

| | | |
|---|---|---|
| Steven A. Iverson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| City of St. Paul; William Finney, | * | |
| in his official capacity, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY:

Submitted: August 14, 2003
Filed: August 25, 2003

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Steven A. Iverson appeals from a final order entered in the District Court[*] for the District of Minnesota granting summary judgment in Iverson's civil rights action in favor of the City of St. Paul and the city police chief, William K. Finney, in his official capacity (collectively appellees). Iverson v. City of St. Paul, 240 F. Supp. 2d 1035 (D. Minn. 2003). For reversal, Iverson argues the district court erroneously held that he does not have a constitutional right to self-defense that includes the right to

[*]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

SCANNED
U.S. DISTRICT COURT DULUTH

carry a handgun. For the reasons discussed below, we affirm the judgment of the district court.

The district court had subject matter jurisdiction over this 42 U.S.C. § 1983 civil rights action under 28 U.S.C. § 1343, we have jurisdiction over the appeal under 28 U.S.C. § 1291, and Iverson filed a timely notice of appeal under Fed. R. App. P. 4(a).

The underlying facts are not disputed. Iverson applied for a permit to carry a handgun. In his application, Iverson stated his occupation often required him to work late at night, travel between locations, and possess keys to office buildings containing valuable office equipment. The city police department denied the application because Iverson did not have an occupational or personal safety hazard as required by the statute.[**] Iverson did not file an action in the state district court seeking review of the denial of his application under Minn. Stat. § 624.714, subd. 12, and instead filed this action claiming the City and its police chief violated his constitutional right to self-defense by denying his application for a permit to carry a handgun. In the district court, Iverson argued he has a constitutional right to self-defense based on the right

[**]Minn. Stat. § 624.714, subd. 5 provides:

No permit to carry shall be granted to a person unless the applicant:

(a) Is not a person prohibited by section 624.713 from possessing a pistol;

(b) Provides a firearms safety certificate recognized by the department of natural resources, evidence of successful completion of a test of ability to use a firearm supervised by the chief of police or sheriff, or other satisfactory proof of ability to use a pistol safely; and

(c) Has an occupation or personal safety hazard requiring a permit to carry.

to life and liberty protected by natural law, the Ninth Amendment, and the Due Process Clause of the Fourteenth Amendment. Iverson also argued the statute did not provide reasonably clear guidelines for law enforcement officials and thus was unconstitutionally vague. Iverson also pointed out that he recently had a flat tire at 3 a.m. while traveling between work locations and he felt vulnerable to assault because he was not armed and experienced emotional distress and mental anguish.

After the parties filed cross-motions for summary judgment, the district court granted summary judgment for the City and the chief of police. The district court first held there is no constitutional right to self-defense that includes the right to carry a handgun. 240 F. Supp. 2d at 1037, citing Gross v. Norton, 120 F.3d 877, 878 (8th Cir. 1997) (per curiam). The district court also held the Minnesota statute was not unconstitutionally vague. Id. The district court noted the statute set forth minimal guidelines to govern the issuance of handgun permits and thus did not encourage arbitrary enforcement of the statute by the issuing authorities. Id., citing State v. Paige, 256 N.W.2d 298, 303 (Minn. 1997) (construing occupational or personal safety provision to require demonstration of particularized need). This appeal followed.

We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Insurance Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. E.g., Crain v. Board of Police Commissioners, 920 F.2d 1402, 1405-06 (8th Cir. 1990).

On appeal, Iverson argues the district court committed error in holding he has no constitutional right to self-defense that includes the right to carry a handgun. We disagree. The district court correctly stated this Circuit does not recognize a constitutional right to self-defense or to carry a handgun. Gross v. Norton, 120 F.3d at 878 (involving Minnesota handgun permit law). In Gross, the plaintiff was a city employee who had a state permit to carry a handgun. City policy prohibited city employees other than police officers from carrying dangerous weapons at work. The plaintiff was not a police officer. The plaintiff claimed the city policy interfered with his right to carry a handgun and undermined his state handgun permit. This Circuit held "[t]he law does not recognize [the] assertion of a 'liberty of self-defense' conferring the right to carry a handgun at work." Id., citing Erdelyi v. O'Brien, 680 F.2d 61, 63 (9th Cir. 1982) (per curiam) (noting there is no "absolute liberty" to carry concealed weapon); see In re Atkinson, 291 N.W.2d 396, 398-99 (Minn. 1980) (rejecting argument that Minnesota and federal constitutions recognize "a natural common-law right to self-defense" that includes individual right to carry loaded weapons).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.